# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1837V
### UNPUBLISHED

| | |
|---|---|
| MARK MUELLER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 20, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On November 30, 2018, Mark Mueller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on December 3, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 26, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 17, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,651.33 (consisting of $90,000.00 for pain and suffering and $651.33 for past unreimbursable expenses). Proffer at 3. In the Proffer, Respondent represented that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $90,651.33 (consisting of $90,000.00 for pain and suffering and $651.33 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARK MUELLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 18-1837V |
| | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN | ) |
| SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 30, 2018, Mark Mueller ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine

Administration ("SIRVA"), "including left shoulder adhesive capsulitis, tendinosis of the

supraspinatus and infraspinatus tendons, and articular and bursal sided fraying," as a result of an

influenza ("flu") vaccine he received on December 3, 2017. Petition at 1. On November 26,

2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report

indicating that this case is appropriate for compensation under the terms of the Act, and the Chief

Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the

same day. ECF No. 28; ECF No. 29.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that Mark Mueller should be awarded $90,000.00 in actual and

projected pain and suffering. This amount reflects that the award for projected pain and

suffering has been reduced to net present value. *See* <mark>42 U.S.C. § 300aa-15(a)(4)</mark>. Petitioner agrees.

> B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Mark Mueller's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $651.33, as provided under the Vaccine Act, <mark>42 U.S.C. § 300aa-15(a)(1)(B)</mark>. Petitioner agrees.

## II.     **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Mark Mueller should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $90,651.33, representing compensation for pain and suffering ($90,000.00), and past unreimbursable expenses ($651.33), in the form of a check payable to petitioner, Mark Mueller.

## III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Mark Mueller:                                  **$90,651.33**

> Respectfully submitted,
>
> JOSEPH H. HUNT
> Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  December 17, 2019

3